UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Joseph Leone,                                    Civil Action No.: 12cv0514

                    Plaintiffs,

          v.                                           Complaint

AmSher Collection Services, Inc.,

                    Defendant.
_____

## INTRODUCTION

1.      Plaintiff Joseph Leone brings this action for actual and statutory damages resulting from the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices while attempting to collect a debt.

## JURISDICTION AND VENUE

2.      This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Additionally, venue in this District arises pursuant to 28 U.S.C. § 1391(b) since Defendant AmSher Collection Services, Inc. transacts business in this District and the conduct complained of occurred in this District.

## PARTIES

4.      Plaintiff Joseph Leone is a natural person residing in the County of Erie, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

1

5.      Defendant AmSher Collection Services, Inc., (hereinafter "AmSher") is a foreign business corporation organized and existing under the laws of the State of Alabama.  AmSher is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6.      The Defendant regularly attempts to collect debts alleged to be due another.

7.      Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

8.      Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

## FACTUAL ALLEGATIONS

9.      That Plaintiff Joseph Leone is alleged to have incurred and later defaulted on a debt.  Said alleged debt will hereinafter be referred to as "the subject debt".

10.     The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11.     On or about April 25, 2012, Defendant made initial contact to Plaintiff by mail at Plaintiff's residence.  A true and correct copy of Defendant's letter dated April 25, 2012 is attached hereto as Exhibit "A".

12.     Defendant's letter dated April 25, 2012 identified the current creditor of the subject debt as "T-MOBILE".

13.     On or about May 21, 2012, Plaintiff contacted Defendant by telephone and spoke with an unidentified male.

2

14.     During said communication, Defendant failed to disclose the communication was from a debt collector.

15.     During said communication, Defendant made the following statement: "How would you like to voluntarily solve this matter over the phone today to possibly keep it off your credit report sir, check or the credit card?"

16.     Said statement caused Plaintiff to believe the Defendant or the current creditor of the subject debt intended involuntary recovery of the subject debt, potentially in the form of a lawsuit, if Plaintiff did not make payment on the subject debt.

17.     During said communication, Defendant made the following statement: *"Unfortunately we can't come to an understanding to get you to pay for services that were used when you were with T-Mobile, so we're gonna proceed without your voluntary cooperation sir."*

18.     Said statement caused Plaintiff to believe the Defendant or the current creditor of the subject debt intended involuntary recovery of the subject debt, potentially in the form of a lawsuit, if Plaintiff did not make payment on the subject debt.

19.     To date, neither the Defendant nor the current creditor of the subject debt has initiated a lawsuit against Plaintiff.

20.     Upon information and belief, neither the Defendant nor the current creditor of the subject debt intends to initiate a lawsuit against Plaintiff.

21.     Upon information and belief, the Defendant is not authorized by the current creditor of the subject debt to initiate a lawsuit against Plaintiff.

22.     As a result of the Defendant's individual and cumulative actions, Plaintiff suffered anxiety, loss of sleep, stress, nervousness, irritability, and aggravation of his existing hypertension.

## CAUSES OF ACTION

23.     The aforementioned acts of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

24.     Defendant violated 15 U.S.C. §1692(g)(a)(2) on or about April 25, 2012, in the written communication made that day, by failing to properly identify the current creditor to whom the debt is owed.

25.     Defendant violated 15 U.S.C. §1692e(11) on or about May 21, 2012, in the oral communication made that day, by failing to disclose the communication was from a debt collector.

26.     Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10) on or about May 21, 2012, in the oral communication made that day, by implicitly threatening that a lawsuit had been or would be filed if Plaintiff did not make payment.  Said action is false, misleading, and deceptive.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the following relief be granted:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages for the Plaintiff of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, along with reasonable attorney's fees, pursuant to 15 U.S.C. §1692k(a)(3); and

(d) For any and all additional relief as this Court deems just and proper.

## **JURY DEMAND**

Please take notice that Plaintiff demands a trial by jury in this action.

Date:  June 1, 2012

Respectfully submitted,

/s/ Cyrus B. Chubineh

Cyrus B. Chubineh Esq.
PO Box 714
Getzville, NY 14068
chubineh@yahoo.com
Tel: 716-864-0715
Fax: 716-478-8540
Attorney for Plaintiff